CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 03 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN MICHAEL HUDSON, | Civil Action No. 7:12cv00466 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| BOTETOURT COUNTY JAIL, | |
| | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by John Michael Hudson, a Virginia inmate proceeding *pro se*, against the Botetourt County Jail. The entirety of Hudson's claim is as follows: "Denial of medical services—the jail doctor said I could fix my arm when I get out. I had [a] bad traffic wreck that caused the injury." By way of redress, Hudson seeks damages and an injunction ordering medical treatment and the dismissal of his criminal charges. Because Hudson has failed to state a claim to relief against a party amenable to suit under § 1983, the court dismisses Hudson's complaint without prejudice.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Though the familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, see Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985), district courts are required to review prisoner complaints

and must either "identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b).

Here, Hudson has alleged a nonspecific injury to his arm that an unnamed jail doctor has declined to treat for some unspecified reason. Hudson offers no facts regarding the nature or extent of his alleged injury, the treatment required, or any other details of his confinement or medical care. Even if Hudson had offered those facts, he has sued a jail, which is not a "person" subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[I]n common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.") (internal quotation marks omitted) (quoting Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979)); Preval v. Reno, 203 F.3d 821(4th Cir. 2000) (table decision) (affirming the district court's § 1915A dismissal on the ground that a jail is "not a 'person'" and therefore not amenable to suit under § 1983). And, even if the jail were amenable to suit under § 1983, in order to prove that a governmental entity is liable for a constitutional violation under § 1983, a plaintiff must show that the entity's policy was "the moving force of the constitutional violation." See Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). Hudson has not so much as mentioned a jail policy, much less linked any jail policy to his alleged denial of medical care. Accordingly, the court will dismiss Hudson's complaint without prejudice pursuant to § 1915A.

The clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: October 3, 2012.

_____
UNITED STATES DISTRICT JUDGE

2

Case 7:12-cv-00466-SGW-RSB   Document 6   Filed 10/03/12   Page 2 of 2   Pageid#: 10